| | |
|---|---|
| LOIS KEEMER, ) | |
| DEXTER K. LEE, ) | |
|     Plaintiffs ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| BILL DUNNING, ) | |
| D&H CARPENTRY ) | |
|     Defendants ) | |

Plaintiffs have filed an application to proceed *in forma pauperis*, and have demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In order to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and federal statute. *See* Willy v. Coastal Corp., 503 U.S. 131, 136-37(1992). This limited

jurisdiction is not to be expanded by judicial decree. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The burden of establishing the contrary rests upon the party asserting jurisdiction, see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332, requires complete diversity of parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, this court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of North Carolina.

Moreover, Plaintiffs' Complaint alleges a claim for breach of contract, which is a state law claim. Bennet v. Newcomb, 2007 WL 3274785 (D.S.C. November 5, 2007). Because Plaintiffs are attempting to set forth a cause of action based in state law, this Court does not have jurisdiction to hear it. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." Wisconsin Dep't of Corrections v. Schacht,

524 U.S. 381, 387 (1998). Since Plaintiffs have asserted no valid federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. See Lovern v. Edwards, 190 F.3d 648,655 (4th Cir.1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

For these reasons, the undersigned RECOMMENDS that Plaintiffs' motion to proceed *in forma pauperis* be GRANTED, but that their Complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 3rd day of June, 2009.

_____
William A. Webb
U.S. Magistrate Judge