UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:09-CV-00027-BR

| | | |
|---|---|---|
| LOIS KEEMER, | ) | |
| DEXTER K. LEE, | ) | |
|     Plaintiffs | ) | |
| v. | ) | ORDER |
| | ) | |
| BILL DUNNING, | ) | |
| D&H CARPENTRY | ) | |
|     Defendants | ) | |

This matter is before the court on the 3 June 2009 Memorandum and Recommendation ("M&R") of Magistrate Judge William A. Webb and an Amended Complaint filed by the Plaintiffs on 10 June 2009. Additionally, on 10 June 2009, Plaintiffs filed objections to the M&R.

In the M&R, Judge Webb recommends that Plaintiffs' motion to proceed *in forma pauperis* be allowed. The court agrees with Judge Webb that Plaintiffs have demonstrated appropriate evidence of the inability to pay court costs, and therefore, Plaintiffs' motion to proceed *in forma pauperis* is ALLOWED and the Clerk is DIRECTED to file the complaint.

Additionally, in the M&R, Judge Webb conducted a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Because Plaintiffs subsequently filed an amended complaint, that complaint supersedes the original complaint and that portion of the M&R addressing the original complaint is moot. This court will therefore conduct a review of the amended complaint under § 1915(e)(2). That statute requires the court to dismiss the case if the court determines the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In their amended complaint, Plaintiffs contend that Defendants violated the Federal Trade

Commission Act ("FTCA"), 15 U.S.C. § 45. However, there is no private right of action under the FTCA.

> Although the Fourth Circuit has not addressed this issue, the other courts to do so are unanimous in holding that Congress did not intend to create a private cause of action by enacting the FTCA. *E.g.*, *American Airlines v. Christensen*, 967 F.2d 410 (10th Cir. 1992); *Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978), *cert. denied*, 440 U.S. 981, 99 S. Ct. 1789, 60 L. Ed. 2d 241 (1979); *Fogel v. Metro. Life Ins. Co.*, 871 F. Supp. 571 (E.D.N.Y. 1994). Such a result squares with the plain text of 15 U.S.C. § 45, which vests the power to impose civil penalties for unfair and deceptive trade practices in the Federal Trade Commission ("FTC") and also permits only the FTC to recover these penalties by instituting a civil action in federal court.

*King v. Wilmington Transit Co.*, 976 F. Supp. 356, 358 (E.D.N.C. 1997). Consequently, Plaintiffs' amended complaint has failed to state a claim upon which relief may be granted. The action is DISMISSED.

This 13 July 2009.

                                                                                    _____
                                                                                    W. Earl Britt
                                                                                    Senior U.S. District Judge

2

Case 2:09-cv-00027-BR   Document 6   Filed 07/15/09   Page 2 of 2